IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMRIK HENDIAZAD, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:19-cv-98 (LMB/JFA) |
| OCWEN LOAN SERVICING, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is defendants' Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss [Dkt. No. 5], in which they argue that plaintiffs' Amrik and Seemin Hendiazad ("plaintiffs") Complaint should be dismissed as an impermissible "show-me-the-note" claim. Plaintiffs, proceeding pro se, have responded to defendants' Motion. Finding that oral argument would not further the decisional process, the defendants' Motion to Dismiss will be granted without oral argument for the reasons discussed below.

## I. BACKGROUND

In this Complaint, plaintiffs allege that defendants MERS and Ocwen have attempted to unlawfully foreclose on their property by fraudulently transferring the Note and Deed of Trust, failing to provide them with a notice of acceleration, and lacking the authority to foreclose at all.

The Complaint alleges that on April 19, 2010, plaintiffs obtained a home mortgage loan from U.S. Mortgage Finance Corp. for $682,411 through a promissory Note ("Note") secured by real property located at 35376 Glencoe Court, Round Hill, Loudoun County, Virginia ("Property"). Compl. [Dkt. No. 1-1] ¶¶ 4–5, Exs. A, B. This agreement was evidenced by a Deed

of Trust ("Deed"), which named MERS as the Beneficiary and Palma Collins as the Trustee. Id. ¶ 6, Ex. A.

On June 18, 2014, MERS assigned its interest in the Deed to Ocwen. Id. Ex. D. On October 14, 2016, Ocwen appointed Surety Trustees, LLC as substitute trustee. Id. Ex. C. On November 30, 2017, Ocwen removed Surety Trustees, LLC and appointed Equity Trustees, LLC as substitute trustee. Defs.' Mem. in Supp. of Mot. to Dismiss Third Am. Compl.[1] [Dkt. No. 6] ("Mem.") 2–3, Ex. 1.

Defendants allege that plaintiffs have defaulted on the loan. Id. at 3. On October 25, 2018, plaintiffs received a Notice of Foreclosure from BWW Law Group, allegedly acting on behalf of Equity Trustees, informing them that the Property would be sold on November 13, 2018. Compl. ¶ 30 (citing Ex. D). Although plaintiffs are unsure whether the sale occurred, defendants allege that Equity Trustees voluntarily cancelled the sale. Mem. 3.

Plaintiffs filed this action in the Circuit Court of Loudoun County on December 20, 2018. Dkt. No. 1-1. Defendants removed the action to this court on January 24, 2019. Dkt. No. 1. In essence, plaintiffs argue that Ocwen cannot foreclose because it has not presented plaintiffs with the original Note and because the assignment by MERS of its interest in the Deed to Ocwen was fraudulent. Specifically, plaintiffs assert five causes of action: (1) trespass quare clausum fregit, (2) trover, (3) covenant, (4) declaratory judgment, and (5) breach of contract. Plaintiffs also seek injunctive relief, to include a temporary restraining order ("TRO"). Specifically, Count I alleges that defendants have trespassed on plaintiffs' Property because defendants do not have any

---

[1] Plaintiffs object to defendants' allegation that their Complaint is their Third Amended Complaint, stating that they have only filed the original Complaint. Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss Original Compl. [Dkt. No. 9] ("Opp'n") 5. The Court is only aware of the original Complaint, filed in state court on December 20, 2018 and attached as Exhibit A to the Notice of Removal. Dkt. No. 1-1.

2

evidence of ownership of the loan. Compl. ¶¶ 46–50. Count II alleges that defendants are not entitled to seek title to the Property because they have received full payment of the mortgage from the mortgage insurance carrier. Id. ¶¶ 51–54. Count III asks the Court to grant declaratory relief to enforce the covenant that only the original lender or a valid assignee be allowed to enforce the Note and Deed. Id. ¶¶ 55–57. Count IV seeks a declaration that Ocwen does not have standing to conduct a foreclosure sale on the Property and that the mortgage debt has been paid. Id. ¶¶ 58–63. Count V alleges that Ocwen breached the Note and Deed when it failed to give plaintiffs notice of acceleration, a change in loan servicer, and foreclosure. Id. ¶ 64. Count VI requests injunctive relief, including a TRO forbidding Ocwen from foreclosing on the Property. Id. ¶¶ 65–68. In addition to the requested declarations, plaintiffs seek damages in the amount of $888,0000, plus $2,664,000 treble damages if defendants are found to have made false claims against the Property. Id. ¶¶ 69–75.

Defendants have moved to dismiss [Dkt. No. 5], arguing that under Virginia's non-judicial foreclosure laws, they cannot be compelled to produce documentation authorizing foreclosure on the Property. Mem. 2. Additionally, because the foreclosure was voluntarily cancelled, plaintiffs have yet to suffer harm. Id. Plaintiffs have responded, although not in a timely fashion,[2] and have also represented that they will move for leave to file a first amended complaint "as soon as [they] are done with this Response." Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss Original Compl. [Dkt. No. 9] ("Opp'n") 11. In a separate letter to the Court, plaintiffs allege that the Note has been securitized and offered on the market and they demand "full disclosure." Notice and Demand [Dkt. No. 10].

---

[2] Defendants moved to dismiss on February 8, 2019. Dkt. No. 5. Plaintiffs' Opposition was due on March 1, 2019, but was not filed until March 13, 2019. Dkt. No. 9.

3

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings filed by a pro se party must be "liberally construed" and will not be held to the same standards as those filed by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, whether a complaint states a claim on which relief may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). The Court must "assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), but only to the extent that those allegations pertain to facts rather than to legal conclusions, Iqbal, 556 U.S. at 678. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"; instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B. Analysis

To the extent that plaintiffs are claiming defendants must "bring forward the original note for [] inspection" and that the law "makes the production of the note mandatory," Compl. ¶ 27, they are making a "show-me-the-note" claim, which Virginia "courts have roundly rejected" as "plainly contrary to Virginia's non-judicial foreclosure laws." Davis v. White, No. 3:13cv780, 2014 WL 1604270, at *10 (E.D. Va. Apr. 21, 2014) (internal quotation marks omitted) (citing

4

Hien Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012)). In Virginia, a trustee may "foreclose on a loan in default, even if the original note cannot be found, without first seeking a court order." Hien Pham, 856 F. Supp. 2d at 810 (citing Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 623 n.3 (4th Cir. 2011)). A noteholder is not required to come to court to prove its authority to foreclose because if this were permissible, borrowers would "compel judicial intervention in any foreclosure proceeding where a deed of trust has changed hands or a substitute trustee has been appointed." Id. Therefore, defendants cannot be forced to produce the Note.

In addition, plaintiffs lack standing to contest the assignments of the Deed, the appointment of substitute trustees, or the securitization of the loan because they are not parties to those documents. In Virginia, to sue on a contract one must be a party to, or a beneficiary of, the contract. See Mich. Mut. Ins. Co. v. Smoot, 129 F. Supp. 2d 912, 920 (E.D. Va. 2000). A homeowner cannot attack the assignment of a deed of trust because it is neither a party to that assignment nor an intended beneficiary. See Wolf v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 342 (4th Cir. 2013); see also Hardnett v. M&T Bank, 204 F. Supp. 3d 851, 858 (E.D. Va. 2016) (finding homeowners lacked standing to challenge assignment of the deed of trust or securitization of the loan because they were neither parties to, nor intended beneficiaries of, the assignment or securitization agreement).[3] Homeowners also lack standing to challenge the appointment of substitute trustees for the same reasons. See Wilson-McClaim v. Specialized

---

[3] "Further, regardless of a lack of standing, courts have rejected the argument that securitization of a loan renders the loan unenforceable." Id. (citations omitted). To the extent plaintiffs challenge the securitization of the loan in their Notice and Demand [Dkt. No. 10], this claim also fails.

5

Loan Servicing, LLC, No. 3:15cv541, 2016 U.S. Dist. LEXIS 135134, at *12 (E.D. Va. Sept. 29, 2016).

Moreover, MERS does have the authority to assign the Deed. The terms of the Deed itself state that MERS is its beneficiary and is "acting solely as a nominee for Lender and Lender's successors and assigns." Compl. Ex. A. This language is sufficient to allow MERS to assign the Deed. See Mabutol v. Fed. Home Loan Mortg. Corp., No. 2:17cv406, 2013 WL 1287709, at *4–5 (E.D. Va. Mar. 25, 2013) (citation omitted) (finding that identical language authorized MERS, as the lender's nominee and beneficiary of the deed of trust, to assign its right, title, and interest in the deed of trust); Hien Pham, 856 F. Supp. at 811–12 (citations omitted). Accordingly, plaintiffs' overall claims challenging these assignments and defendants' authority to foreclose will be dismissed on these basic principles. In addition, each count fails for the reasons discussed below.

1. Count I – Trespass

Plaintiffs claim defendants have trespassed on their Property by "demanding payment of a debt for which they are strangers to the transaction and not lawfully entitled to payment of money or property [sic]." Opp'n 8. Trespass quare clausum fregit is a cause of action addressing a person's unlawful entry on another person's enclosed land. See Black's Law Dictionary (10th ed. 2014). Plaintiffs' arguments that defendants have trespassed because Ocwen cannot produce the original Note or because the assignment from MERS to Ocwen is void are meritless. Ocwen has the right to foreclose as a matter of law and is not a trespasser. Therefore, Count I will be dismissed.

2. Count II – Trover

Plaintiffs claim that defendants cannot foreclose because they could have received payment from an insurance provider upon plaintiffs' default. Trover is a common law claim for

6

the recovery of damages for the conversion of personal property. See Black's Law Dictionary (10th ed. 2014). "It is unclear how an action in trover applies to any of the facts alleged by Plaintiffs." Mem. 8. Plaintiffs' claim that the availability of mortgage insurance payments excuses their obligation of repayment is baseless. See Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) ("[Plaintiff] provides no factual or legal basis, and the Court finds none, to support his contention that because [plaintiff's] default triggered insurance for any losses caused by that default . . . he is discharged from the promissory notes and the Property is released from the deeds of trust." (first and second alterations in original) (citing Horvarth v. Bank of N.Y., No. 1:09cv1129, 2010 WL 538039, at *2 (E.D. Va. Jan. 29, 2010))), aff'd, 442 F. App'x 816 (4th Cir. 2011). Therefore, Count II will be dismissed.

   3. Counts III–IV – Declaratory Relief

In Counts III and IV, plaintiffs ask the Court to declare that only the original lender or a valid assignee be allowed to enforce the Note and Deed, that defendants do not have standing to foreclose on the Property, and that the mortgage debt has been paid. Plaintiffs are not entitled to declaratory relief because, as discussed, they lack standing to challenge Ocwen's status as a lawful assignee and they have not alleged facts to support a finding that the loan has been paid in full or that the Deed should be declared void.

Furthermore, because the foreclosure sale has not actually occurred, plaintiffs have yet to be harmed and are also not entitled to declaratory relief on that basis. See Johnson v. Countrywide Home Loans, Inc., No. 2:15cv513, 2016 WL 7042944, at *5 (E.D. Va. Jan. 26, 2016) (dismissing a claim for declaratory judgment because the foreclosure sale was voluntarily cancelled resulting in "no actual controversy of sufficient immediacy that warrants Plaintiffs [sic] requested relief."). These claims are also duplicative of plaintiffs' claims for breach of contract, trover, and trespass. Therefore, Counts III and IV will be dismissed.

7

### 4. Count V – Breach of Contract

Plaintiffs allege that Ocwen breached the Note and Deed by failing to provide notice that it became the loan servicer, notice of acceleration, and notice of the foreclosure sale, and by failing to make reasonable efforts to arrange a face-to-face meeting with plaintiffs before commencing foreclosure proceedings.

"A deed of trust is construed as a contract under Virginia law." Mathews v. PHH Mortg. Corp., 283 Va. 723, 733 (2012). The elements of breach of contract in Virginia are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (2004).

Although plaintiffs allege that Ocwen breached paragraphs 10 and 11 of the Note when it failed to provide notice of acceleration and 30 days in which to cure a default, Compl. ¶ 64(A), the Note attached to their Complaint ends at paragraph 9, see id. Ex. B. Therefore, defendant could not have breached the Note.

Plaintiffs next allege that Ocwen breached paragraph 20 of the Deed by failing to give notice that it had become the loan servicer and paragraph 22 by failing to give notice of default, acceleration, right to reinstate, and foreclosure. Compl. ¶ 64(B). Contrary to plaintiffs' allegations, paragraph 20 of the Deed does permit the lender to remove the trustee and appoint a successor trustee and does not require that notice be given to the borrower. See id. Ex. A. ¶ 20. Therefore, Ocwen has not breached that paragraph and could not have breached paragraph 22 of the Note, which is titled "Riders to this Security Instrument" and does not discuss notices. See id. ¶ 22. Moreover, the record shows that Ocwen complied with the Deed by informing plaintiffs through a letter that the loan was in default and that they had a right to reinstate. See Mem. Ex. 2

8

at 2 ("A borrower has the right to reinstate the loan after acceleration . . .").[4] Paragraph 18 of the Deed does state that if the lender invokes the power of sale, either the lender or trustee shall give notice of sale to the borrower. See Compl. Ex. A. Ocwen complied with this provision, evidenced by the Notice of Foreclosure Sale attached to the Complaint. See id. Ex. E. To the extent that the Deed incorporates Housing and Urban Development ("HUD") regulations, such as the requirement to make a reasonable effort to have a face-to-face meeting with a borrower before foreclosing, Ocwen complied by sending plaintiffs a letter informing them of their right to have a face-to-face meeting and providing contact information for plaintiffs to request said meeting. See Mem. Ex. 3.[5] As the record shows, at each stage of the foreclosure proceedings, Ocwen gave plaintiffs adequate notice.

In addition to failing to allege any breach of contract, plaintiffs' breach of contract claim will be dismissed because the foreclosure has not occurred, meaning that plaintiffs have suffered no damages. See Jackson v. Ocwen Loan Servicing, LLC, No. 3:15cv238, 2016 WL 1337263, at *9 (E.D. Va. Mar. 31, 2016) (citation omitted) (dismissing breach of contract claim based on alleged lack of 30-day cure notice when no foreclosure occurred). Plaintiffs respond that they "suffered a loss of [] credit standing and the right to reinstate [the] mortgage," loss of equity in the home, and "severe emotional pain, stress, and discomfort" because of defendant's breach. Compl. ¶ 64. These arguments have no merit. Ocwen's alleged failure to provide adequate notices would not be the cause of any decrease in plaintiffs' credit score or equity; that damage would be caused by the default on the loan itself. Moreover, plaintiffs have not lost their right to

---

[4] The Court may take notice of this letter without converting the motion to one for summary judgment as the exhibit is not in question and is central to plaintiffs' claims. See, e.g., Gasner v. Cty. Of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995).

[5] Tracking information shows that the letter was delivered and signed for by an individual residing at the plaintiffs' Property. See id. Ex. 4.

9

reinstate, but "continue to retain the right to reinstate the Loan." Mem. 13. Finally, damages for emotional distress are not typically awarded for breach of contract claims. See Beaty v. Manor Care, Inc., No. 02-1720-A, 2003 WL 24902409, at *7 (E.D. Va. Feb. 10, 2003) ("It is generally held that damages for emotional distress are not recoverable in an action for breach of contract, absent proof of physical injury or wanton or willful conduct amounting to a separate tort."). There are no special circumstances here that would support an award of damages for emotional distress. Accordingly, Count V will be dismissed for failure to allege a breach of contract and failure to allege plausible damages.

5. Count VI – Injunctive Relief

Plaintiffs seek a TRO prohibiting Ocwen from foreclosing upon the Property. Compl. ¶ 66. Claims for a TRO and preliminary injunction ("PI") are governed by the same four-part test, which requires that a claimant show "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." Granados v. Bank of Am., N.A., No. 1:15cv752, 2015 WL 4994534, at *6 (E.D. Va. Aug. 19, 2015) (quoting The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010)). The threshold requirement for this test is that "the plaintiff has made a strong showing that he is likely to succeed on the merits of his claim." Id. (internal quotation marks and citations omitted). The burden rests on the plaintiff to make this showing and to show that he is likely to be "irreparably harmed absent injunctive relief." Id. (internal quotation marks and citation omitted).

Plaintiffs fail to satisfy these requirements. As discussed above, plaintiffs' claims are, at their core, an impermissible show-me-the-note claim and cannot succeed on the merits. Furthermore, because foreclosure was cancelled, plaintiffs cannot show a threat of imminent

10

irreparable harm. See Granados, 2015 WL 4994534, at *6 (dismissing TRO and PI claims because "[d]efendants have not sought foreclosure of the Property, and Plaintiff's assertion that Defendants 'may intend' to foreclose is too speculative for the Court to consider." (citation omitted)). Accordingly, plaintiffs cannot show grounds for granting a TRO and Count VI will be dismissed.

III. CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss [Dkt. No. 5] will be granted and plaintiffs' Complaint dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 4th day of April, 2019.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

11